IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

| | |
|---|---|
| BOBBY ANTONIO TROTTER | PLAINTIFF |
| VS. | CIVIL ACTION NO. 4:10CV145-LRA |
| DALE CASKEY, ET AL | DEFENDANTS |

## ORDER DISMISSING CHRISTOPHER EPPS

This civil-rights action is before the Court on Defendant Christopher Epps's Motion for Summary Judgment Based on Eleventh Amendment and Qualified Immunity [ECF No. 31] as to all claims asserted against him in any capacity. The Court, having considered the memoranda and applicable authority, finds the motion should be granted.

### I. Facts and Procedural History

Jurisdiction of this case is based upon 42 U.S.C. § 1983. Plaintiff is incarcerated in the custody of the Mississippi Department of Corrections ("MDOC") in the East Mississippi Correctional Facility ("EMCF") in Meridian, Mississippi. According to Plaintiff's sworn testimony at the November 10, 2011, omnibus hearing, he was stabbed by a gang member called "Geno" on June 26, 2010, while housed in the general population. He was seriously injured and was hospitalized for two days after the incident.

Plaintiff was a former gang member; he testified that he has since become a Muslim and has shunned his previous life. Due to threats by gang members, Plaintiff was in and out of segregated housing between June 2009 and June 2010, but he was not put in protective custody. Gang members first began to threaten him in early 2009. Plaintiff

claims to have written letters to each of the Defendants telling them he was in fear for his life. He asked each Defendant to either transfer him to another facility or place him in protective custody. According to Plaintiff, he received no responses to his letters or to his Administrative Remedy Program ("ARP") requests. Plaintiff alleges that he was forced into general population and that his stabbing could have been prevented if Defendants had taken the threats against him seriously.

Due to the stabbing, Plaintiff allegedly suffers permanently from scars, problems due to his pierced lung, and a painful tailbone. He contends that the assault should not have happened, as he warned Defendants about the threats. Plaintiff concludes that these Defendants have failed to protect him.

From the time of the stabbing in June 2010 through November 2010, Plaintiff was housed in segregation at EMCF. He was then sent to Marshall County and then to Parchman, returning to EMCF in September 2011. During those time periods, Plaintiff was not housed in general population at any time. At the time of the hearing, the facility was in lock-down and he had not come into contact with those that attacked him.

The motion now before the Court was filed only by Defendant Epps. Plaintiff testified that he wrote a letter to Epps telling him about his fears in about June-July 2009. He told Epps that his life was in danger at EMCF and asked him to do something about it. According to Plaintiff, Epps "didn't even respond back. I didn't hear nothing back from him." Nothing happened to him until the stabbing in June 2010 because he was in and out of segregation for that year.

2

In support of his motion, Epps filed a sworn affidavit dated August 10, 2012 [Exhibit A, ECF No. 31-1]. According to Epps, he is employed by the MDOC as Commissioner. The incident involving Trotter occurred while Trotter was housed at the EMCF, which was operated by The Geo Group Inc. at the time. He further stated that as Commissioner, he has no responsibility regarding security at EMCF because it is the responsibility of the onsite prison officials. Epps swore the he had no personal involvement, to his knowledge, with inmate Trotter, other than he is an inmate in the State penal system.

The allegations contained in this sworn affidavit have not been rebutted by Trotter: Trotter's only claim against Epps is that he wrote Epps and Epps never wrote back. Trotter testified at the omnibus hearing that he never talked to Epps and that he never identified a specific inmate by name who threatened his life. He testified that he "just wrote [Epps] a long letter telling him what was going on with [him] at the prison, that [his] life was in danger at this prison."

## II. Standard of Review

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's

case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (citations omitted). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *Little v. Liquid Air. Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

Factual controversies are to be resolved in favor of the nonmovant only when both parties have submitted evidence of contradictory facts. *Little*, 37 F.3d at 1075. When contradictory facts do exist, the court may not make credibility determinations or weigh the evidence. *Reeves v. Sanderson Plumbing Prods., Inc.* 530 U.S. 133, 150 (2000).

### III. Analysis

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*,

487 U.S. 42, 28 (1988). There is no liability under section 1983 under a theory of *respondeat superior*. *Monell v. Department of Social Services*, 436 U.S. 658, 691-95 (1978). It is well-settled that "there is no vicarious or respondeat superior liability of supervisors under § 1983." *Rios v. City of Del Rio, Tex.,* 444 F.3d 417, 425 (5th Cir. 2006); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676, citing *Monell*, 436 U.S. at 677 (the term "supervisory liability" is a "misnomer"). Each government-official defendant, through the official's own individual actions, must have violated the Constitution; they are not held accountable for the misdeeds of their agents. *Id.* at 1948-49. Absent vicarious liability, each Government official is liable for his or her own misconduct. *Id. See also Carnaby v. City of Houston*, 636 F.3d 183, 189 (5th Cir. 2011) (citing *Iqbal* at 677*).*

Fifth Circuit precedent requires either *personal involvement by an individual Defendant* in the alleged violation, or the *enforcement of some policy or practice resulting in the constitutional deprivation*. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999) (emphasis added); *Stewart v. Murphy*, 174 F.3d 530, 536-37 (5th Cir. 1999); *Alton v. Texas A & M University,* 168 F.3d 196, 200 (5th Cir. 1999). Any claims against Epps in his individual capacity must be based on "direct acts or omissions ... not the acts of subordinates." *Coleman v. Houston Indep. School Dist.,* 113 F.3d 528, 534 (5th Cir. 1997).

In this case, Plaintiff claims Commissioner Epps failed to respond to his letter describing his fears from gang members. Without more, Plaintiff fails to allege sufficient

5

facts to state a claim against Commissioner Epps. The Fifth Circuit has held that a prisoner has no federally protective liberty interest in having his prison grievances investigated or answered favorably. *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005).

Plaintiff does not suggest that Epps was personally aware of a serious risk to his safety and ignored those risks. He simply charges that he wrote a letter which brought no response. He does not know whether Epps received the letter or whether or not he acted on the letter. Plaintiff was in the custody of GEO while housed at EMCF, and it was charged with his safety. Without more, Plaintiff's allegations failed to establish that Epps was personally involved in any constitutional violation against him. Supervisory liability under §1983 cannot attach where the allegation of liability is based upon a mere failure to act; instead, any liability must be based upon active unconstitutional behavior. *Leach v. Shelby County Sheriff,* 891 F.2d 1241, 1246 (6th Cir. 1989). The Court finds that although Commissioner Epps would be immune from suit under these circumstances, Plaintiff has also failed to state a constitutional claim against Epps.

### IV. Conclusion

For the foregoing reasons, Defendant Epps's Motion for Summary Judgment is **granted,** and all claims against Epps in his individual or his official capacity are hereby dismissed.

SO ORDERED AND ADJUDGED, this the 22nd day of March 2013.

6

S/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE